MAYER, Circuit Judge,
dissenting.
I agree that Confluence does not infringe U.S. Patent No. 4,836,963. However, because there is no longer an actual controversy over the invalidity and unen-forceability counterclaims, I dissent from the court’s resolution of the cross-appeal on the merits.
Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), a district court has jurisdiction over a declaratory judgment action only when there is an “actual controversy.” Relatedly, the existence of a sufficiently concrete dispute between the parties is an ongoing jurisdictional predicate to maintaining such an action. See Super Sack Mfg. Corp. v. Chase Packaging Corp., 57 F.3d 1054, 1058 (Fed.Cir.1995). Indeed, the “actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.” Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975) (citations omitted). We review whether such controversy exists in light of our precedent, based on the “totality of the circumstances” of each case. See Gen-Probe Inc. v. Vysis, Inc., 359 F.3d 1376, 1380 (Fed.Cir.2004). Critical to this inquiry is whether or not the declaratory judgment plaintiff has a reasonable apprehension that it will face an infringement suit. See, e.g., Teva Pharm. USA Inc. v. Pfizer, Inc., 395 F.3d 1324, 1332 (Fed.Cir.2005) (discussing our two-part test for determining whether an actual controversy exists).
Here, once we affirmed the trial court’s finding of no infringement, there ceased to be an actual controversy supporting jurisdiction over the invalidity and unenforce-ability counterclaims, because Confluence no longer desired to maintain its cross-appeal and admitted that it no longer had any reasonable apprehension of suit. For the majority nevertheless to address the merits of the cross-appeal, and remand for further proceedings, is wasteful and advisory. In view of Confluence’s request for vacatur, our only appropriate course of action is to vacate the trial court’s judgment on invalidity and unenforceability and remand with directions to dismiss. See United States v. Munsingwear, Inc., 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36 (1950) (“The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss.”).
Cardinal Chemical Co. v. Morton International, Inc., 508 U.S. 83, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993), is not to the contrary. It explicitly recognizes the rule in Munsingwear. See Cardinal, 508 U.S. at 98, 113 S.Ct. 1967 (“If, before the [Federal Circuit] had decided the case, either party had advised it of a material change in circumstances that entirely terminated the party’s controversy, it would have been proper ... to vacate the entire judgment of the District Court.”) (citing Munsingwear, 340 U.S. at 39, 71 S.Ct. 104); see also Super Sack, 57 F.3d at 1060 (characterizing the decision in Cardinal as a “relatively narrow one”). Moreover, *1324 Cardinal recognized that “intervening events,” see id. at 96, 113 S.Ct. 1967, or “further information,” see id. at 98, 113 S.Ct. 1967, could, as here, moot the declaratory judgment action, and divest this court of jurisdiction. The irony of the majority’s disposition is that because vaca-tur without remand would leave Old Town’s patent with a full presumption of validity, it has essentially nothing to gain, but everything to lose on remand. See, e.g., Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1429 n. 3 (Fed.Cir.1988) (discussing the limited preclusion effects of a judgment finding a patent not invalid) (citing Stevenson v. Sears, Roebuck & Co., 713 F.2d 705, 710-11 (Fed.Cir.1983)). Perhaps this is why Old Town scarcely objected at oral argument to Confluence’s offer to dismiss its cross-appeal and have the trial court’s judgment on invalidity and unenforceability vacated.